MARTORELL ET AL., PLAINTIFFS AND APPELLANTS, *v.* J. OCHOA & BROTHER ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action of Ejectment.

No. 1218.—Decided July 23, 1915.

AUTHORIZATION—ALIENATION—PROPERTY OF MINORS—REPEAL.—Articles 56, 58 and subsection 23 of article 63 of the former Law of Civil Procedure, which went into effect on January 1, 1886, by virtue of a Royal Decree of Sep-

tember 25, 1885, were repealed by article 164 of the Spanish Civil Code, which took effect on January 1, 1890, by virtue of a Royal Decree of July 31, 1889, in so far as they referred to the jurisdiction of courts to grant authorization for the alienation of property of minors or incapacitated persons.

ID.—ALIENATION—PROPERTY OF MINORS—DOMICIL—JURISDICTION.—The plain language of article 164 of the Spanish Civil Code shows that the intention of the legislature in enacting that authorization of court should be necessary for alienating or encumbering the property of minors, was that such authorization should be granted by the judge of the domicil of the minor and not by any other judge, thus determining the authority which should complete the civil capacity of the father or the mother of the minor, which capacity can be completed only in the manner provided by said article.

ID.—JURISDICTION—CONSTRUCTION OF LAW—EXCEPTION.—It is the doctrine of the Supreme Court of Spain that questions of jurisdiction cannot be raised in ex parte proceedings, because the law grants this to the judge before whom the case is brought; but this rule is not applicable when, in a case like the present one, the code establishes a provision incompatible therewith—that is, that the authorization to alienate or encumber property belonging to minors or incapacitated persons must be granted by the judge of their domicil.

ADMINISTRATIVE APPEAL.—Decisions rendered in administrative appeals from decisions of registrars of property are not binding upon the courts.

The facts are stated in the opinion.

Messrs. *José Tous Soto* and *Manuel Tous Soto* for the appellants.

Messrs. *Bosch & Soto* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 5, 1914, Miguel, Luis, Gerardo, Teresa and Antonio Martorell y Torrents filed a complaint in the District Court of San Juan, Section 1, against J. Ochoa & Brother, Pedro, Carmen and Catalina Martorell y Torrents and Rosa Torrents y Risech, containing the following allegations:

*First.* That the plaintiffs are twenty-three, twenty-five, twenty-one, twenty-seven and· thirty years of age respectively, and defendants J. Ochoa & Brother are a mercantile partnership with their domicil in this city.

*Second.* That in representation of the plaintiffs and with the authorization of the Court of First Instance of the Cathedral District of the city of San Juan, as set out in its order of February, 1897, Rosa Torrents conveyed the joint interests

of the said plaintiffs in a rural property situated in the ward of Jague of the municipal district of Ciales composed of 355 *cuerdas,* according to the description in the complaint, to one Juan Roure Dalmau in payment of a debt.

*Third.* That Rosa Torrents, who at that time had her residence and domicil at Ciales in the judicial district of Arecibo, made the said conveyance under the authorization of the said court of first instance which had no jurisdiction in the matter.

*Fourth.* That Rosa Torrents was not authorized by the Court of First Instance of Arecibo to make the said conveyance.

*Fifth.* That by a deed executed in March, 1897, before Notary Antonio Alvarez Nava, Juan Roure mortgaged the property to the firm of J. Ochoa & Brother and later sold the same to them by a deed executed in May, 1903, before Notary Jacinto Texidor, the said firm knowing that the conveyance to Roure was authorized by the Court of First Instance of the Cathedral District which had no jurisdiction in the matter.

*Sixth.* That J. Ochoa & Brother are now in possession of the property and have been in possession of it since 1903, receiving the products and rents thereof which amount to more than $20,000.

*Seventh.* That the members of the commercial firm of J. Ochoa & Brother and more particularly the managing partner, Severo Ochoa, who was a party to the deed of sale, knew that the domicil and residence of Rosa Torrents and her children were in the town of Ciales and that the property sold was situated in that district.

*Eighth.* That the conveyance of the said property was made in settlement of a debt of 10,000 provincial *pesos,* the value of the property at that time being more than 25,000 provincial *pesos.*

*Ninth.* That each of the plaintiffs is the owner in fee of a joint interest of one-eighth of one-half, or one-sixteenth,

of the said property and has a limited estate in a joint interest of one-seventh of one-sixteenth of the same.

The complaint concludes with a prayer for judgment annulling the conveyance of the property in settlement of the debt, in so far as concerns the joint interests of the said plaintiffs, and decreeing that the defendant firm restore the said joint interests to the plaintiffs together with the products and rents received and which might have been received, rendering an accounting therefor, and also pay the costs, expenses, disbursements and attorney's fees.

Counsel for J. Ochoa & Brother demurred to the foregoing complaint on the ground that it did not state facts sufficient to constitute a cause of action, because, among other reasons to be duly stated, the action had prescribed pursuant to the provisions of article 1301 of the Spanish Civil Code and section 1268 of the Civil Code of Porto Rico; because the complaint shows a misjoinder of parties defendant in that it includes as such Pedro, Carmen and Catalina Martorell y Torrents and Rosa Torrents y Risech, who have no interest in the suit and against whom nothing is alleged or prayed for in the complaint, and because different causes of action have been improperly joined, inasmuch as to the main action of nullity is joined that of ejectment, which is subsidiary to and independent of the former, one being a personal and the other a real action and therefore requiring different places of trial.

The demurrer having been argued by briefs, the court, by its judgment of September 16, 1914, sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action and therefore dismissed the complaint without special imposition of costs, from which judgment counsel for the plaintiffs appealed to this court and it is submitted to our consideration on the briefs and oral argument of both parties.

As grounds for their appeal the plaintiffs allege the following errors of law which, they contend, were committed by

the lower court in sustaining the demurrer on the ground of lack of a cause of action:

1. Failure to apply article 164 of the Spanish Civil Code, which was in force at the time the authorization of the court was granted, the provision of which article was re-enacted in section 229 of the Revised Civil Code which was in force at the time the conveyance was made.

2. Improper application of the judgments of the Supreme Court of Spain of July 22 and September 30, 1875, October 6, 1876, and June 2, 1877, and of the decisions of the General Directorate of Registries of Spain of January 22, 1866 (1886), and May 9, 1889.

3. Failure to apply the judgment of this court in the case of *Esteras* v. *Arroyo,* 16 P. R. R. 689, and its antecedent of the Supreme Court of the United States, the case of *Garzot* v. *Rubio,* 209 U. S. 303.

Let us examine the first ground of the appeal and for that purpose determine what was the law in force in Porto Rico, and therefore applicable, when Rosa Torrents, representing the plaintiffs, received from the Court of First Instance of the Cathedral District of this city in February, 1897, the authorization which is now sought to be annulled.

The Law of Civil Procedure was in force in Porto Rico at that time, it having gone into effect on January 1, 1886, by virtue of a Royal Order dated September 25 of the preceding year, as well as the Civil Code which took effect January 1, 1890, by virtue of a Royal Decree of July 31, 1889.

As is seen, the Law of Civil Procedure went into effect prior to the Civil Code.

According to the said Law of Civil Procedure, the rules of jurisdiction applicable to the case are to be found in articles 56, 58 and 63, the pertinent parts of which read as follows:

"Art. 56.—Any judge impliedy or expressly agreed upon by the litigants shall be competent to take cognizance of the suits arising from actions of all kinds.

"This submission, however, can only be made to a judge exercising ordinary jurisdiction and who is competent to take cognizance of questions similar to and of the same kind as the one submitted.

"Art. 58.—An implied submission is made:

"First. By the plaintiff, by the act of filing his complaint before the judge.

"Second. By the defendant when after his appearance is entered in the action he takes any further steps therein, except to formally object to the jurisdiction of the judge by declinature.

"Art. 63.—In order to determine competency, in cases other than those mentioned in the foregoing articles, the following rules shall apply:

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

"23. In authorizations for the sale of property of minors or incapacitated persons, the competent judge shall be that of the place where the property may be situated, or that of the domicile of the persons to whom it belongs." (War Department translation.)

Article 164 of the Spanish Civil Code, which was in force in the year 1897 when the Judge of the Court of First Instance of the Cathedral District of this city granted to defendant Rosa Torrents the authorization which the plaintiffs consider null and void, is expressed in the following terms:

"Art. 164.—The father, or the mother in a proper case, cannot alienate the real property of the child, the usufruct or administration of which belongs to them, nor encumber the same, except for sufficient reasons of utility or necessity, and after authorization from the judge of the domicile, hearing the department of public prosecution, excepting the provisions which, with regard to the effects of transfers, the Mortgage Law establishes." (War Department translation.)

A perusal of the statutory provisions transcribed above is sufficient to show a contradiction between article 164 of the Spanish Civil Code and subdivision 23 of article 63 and articles 56 and 58 of the old Law of Civil Procedure, provided the last two articles refer to matters of voluntary jurisdiction, for article 164 imperatively requires the authorization of the judge of the domicil for the alienation or encumbrance of real property belonging to minors, while, according to subdivision 23 of article 63, such authorization must be

granted by the judge of the place in which the property is situated or by the judge of the place of domicil of the owners of the said property, and, according to articles 56 and 58, by any judge of ordinary jurisdiction who is competent to take cognizance of questions similar to and of the same kind as the one submitted, supposing, as we have said before, that the jurisdiction referred to in these two articles is both voluntary and contentious. .

In the present case we are not called upon to determine the scope of articles 56 and 58 of the Law of Civil Procedure regarding all matters of voluntary jurisdiction, but to decide whether these two articles and subdivision 23 of article 63 were repealed by article 164 of the Spanish Civil Code relative to cases like the present one.

We are of the opinion that they were so repealed notwithstanding the fact that such distinguished commentators as Manresa and Scaevola, in commenting on article 164 of the Spanish Civil Code, maintain that article 1976 of the said code repealed only the statutes, usages and customs which constituted the common civil law in all matters treated of in the said code, but not the adjective law or law of procedure. Manresa understands that subdivision 23 of article 63 of the Law of Civil Procedure is complementary to article 164 of the Civil Code and Scaevola maintains that the provision of the Civil Code is conclusive, but does not go so far as to say that its application is of absolute necessity to the exclusion of the provisions of the Law of Civil Procedure.

The first of the said commentators, Manresa, in Volume II, page 42, of his Commentaries, expresses himself in the following terms:

"According to our code, there can be no doubt that judicial authorization is required for the alienation or encumbrance of real property. The code directs that application for the said authorization shall be made to the judge of the domicil; but as jurisdiction is a question which comes under the adjective law and the final provision of the code repeals only the common civil law, we are of the opinion that

rule 23 of article 63 of the Law of Civil Procedure, providing that 'in authorizations for the sale of property of minors or incapacitated persons, the competent judge shall be that of the place where the property may be situated, or that of the domicil of the persons to whom it belongs,' remains in force and is complementary to the provisions of the present article. However, in order that there may be no question, it is better to apply to the judge of the domicil. As to procedure, Title XI of Part First of Book III of the Law of Civil Procedure should be observed."

Scaevola, in Volume III (3rd ed.), page 309, of his Commentaries on the Civil Code, says:

"According to this article, the authorization must be obtained from the judge of the domicil, and although it does not state of whom, it is understood, of course, to be the domicil of the parents, for it is known that according to article 64 of the Law of Civil Procedure the domicil of the children under *patria potestas* is that of their parents. Subdivision 23 of article 63 of the said Law of Civil Procedure provides that the judge of the domicil of the children and also the judge of the place where the property may be situated shall have jurisdiction and this is a very practical and convenient alternative provision, for it is to be supposed that there may be more purchasers at the place where the value of the property may be known, than at a place where it is not known. Will this dual jurisdiction continue in force? Although for the reasons to be given hereafter we are of the opinion that the code did not and could not repeal the Law of Civil Procedure, the provision of the former on this point is conclusive, inasmuch as it determines that the authorization must be obtained from the judge of the domicil."

And further on in Volume III, page 311, Scaevola says:

"The code is substantive and civil law, the enactment of which can affect only laws of the same kind and not those of a different character such as adjective laws, as is the Law of Civil Procedure. Moreover, the final repealing provision of the code repeals only the statutes which constitute the common civil law and this in matters which are treated of in said code; therefore this repealing section cannot apply to a statute which, like the one under discussion, does not form part of the common civil law, and still less to a matter not included in the code and which, on the contrary, supplies an omission therein."

Commenting on article 1976 of the Spanish Civil Code, Manresa, in Volume XII, page 900, of his Commentaries, says:

"Combining in their analysis the terms of the article under consideration, we must consider it an indisputable conclusion that it repeals the provisions of the common civil law of a purely substantive nature, except those which may have been regarded or declared to be still in force; therefore the repealing provision of the said article does not apply to the other civil laws relative to procedure, unless by reason of their peculiar nature they were the object of special provision to the contrary in the code or cannot co-exist with those established therein."

This doctrine of Manresa appears to us to be sound and strengthens our opinion in the present case.

Article 164 of the Spanish Civil Code, according to the distinguished counsel for the appellant, was not intended to establish a rule of jurisdiction, which is a rule of procedure, but to determine the manner, the means and the authority which should complete the civil capacity of the father or the mother of the minor in cases of the alienation or encumbrance of real property belonging to their minor children, which capacity in such cases is limited by the said article. The code contains a substantive provision which repeals the openly conflicting provisions of the Spanish Law of Civil Procedure which was in effect prior to the enactment of said code.

Article 1976 of the Spanish Civil Code reads as follows:

"All legal compilations, uses, and customs which constitute the common civil law in all matters which are the object of this code are hereby repealed, and shall remain without force or effect either as direct obligatory laws or as supplementary law. This provision is not applicable to the laws which have been declared in force by this code." (War Department translation.)

In view of the foregoing repealing provision, we must admit that all statutes, uses and customs which constituted the common civil law in all matters treated of in the Civil Code were repealed, but we are not forced thereby to the

conclusion that the said Civil Code did not repeal the provisions of the Law of Civil Procedure then in force which were in conflict with its own provisions.

Article 5 of the said Civil Code provides that laws are repealed only by other subsequent laws, and disuse or any custom or practice to the contrary shall not prevail against their observance. If we are required to apply that rule it is obvious that the provisions of the Law of Civil Procedure which are in conflict with those of the Civil Code were repealed and that both cannot be in force at the same time.

The Law of Civil Procedure was not repealed totally by article 1976 of the Civil Code, but there is no doubt that it was repealed in so far as it may be in conflict with the said code, on the principle that all subsequent laws repeal previous laws when there is conflict between them.

In corroboration of the foregoing doctrine we will quote the doctrine laid down by the Supreme Court of Spain in its judgment of June 12, 1894, in a case of the appointment of testamentary guardians, as follows:

"The Law of Civil Procedure was in full force from the time of its promulgation in all the provinces and all the provisions thereof thereby ceased to form a part of the *lex fori* and became the common legislation of Spain.

"The provisions of the Law of Civil Procedure being a part of the general law and not of the so-called *lex fori*, they were repealed by article 1976 of the Civil Code in so far as they may be in conflict with said code, which is a subsequent law; and it cannot be contended that they are in force in consequence of the provisions of article 12 of the code, for it only provides that the *lex fori—i. e.,* the special laws—shall remain in force, but not the general laws which prior to the promulgation of the former governed by right certain matters in the provinces or territories.

"In ordering that the interested parties must make application to the municipal court and to the family council in the manner provided for by Titles IX and X of Book First of the Civil Code, the decision appealed from in nowise violates or disregards Book Fifth, Title IV, Law I, of the Constitution of Cataluña, which sanctions the authority of the father to appoint tutors for his children

in a testament or in any kind of last will; nor does it trench upon the will expressed by the father of the children in his testament, inasmuch as the said will and the law which gives it efficacy must be complied with within the legal provisions providing for the appointment of the guardian and the exercise of his guardianship. Prior to the enactment of the civil code these were the articles of Title II of Book Third of the Law of Civil Procedure and now they are those of Titles IX and X of Book First of the code.''

It is established by that judgment that the Law of Civil Procedure became the common legislation of Spain and that its provisions form part of the general law, they being repealed by article 1976 in so far as they may be in conflict with the Civil Code; therefore the provisions relative to the appointment of guardians and the exercise of guardianships which before the enactment of the Civil Code were governed by the articles of Title II of Book Third of the Law of Civil Procedure are now subject to those of Titles IX and X of Book First of the Civil Code.

By virtue of the repeal of the provisions of the Law of Civil Procedure of 1887 relative to the jurisdiction of the courts to grant authorization for the alienation of property belonging to minors in so far as they may be conflict with article 164 of the Civil Code, we are of the opinion that in view of the plain language of the said article only the judge of the domicil of the minor is competent to authorize such alienation or encumbrance, and that when the Civil Code went into effect any power deemed to have been conferred by the former Law of Civil Procedure upon the father or the mother to submit themselves in such a case to a judge other than that of the domicil of their children was repealed.

In requiring authorization by the court for the alienation or encumbrance of property belonging to minors the intent of the legislators was that such authorization should be given by the judge of the domicil of the minors and not by any other judge, and in so legislating it specified the authority which should complete the civil capacity of the father or the

mother of the minor, which capacity could not be completed in any other manner than that prescribed by article 164.

The Court of First Instance of the Cathedral District, in granting to Rosa Torrents the authorization under consideration, performed an act contrary to law, therefore it was null and void in conformity with article 4 of the Civil Code then in force; and the District Court of San Juan, Section 1, committed an error in holding said authorization to be valid and in failing to apply the said article.

It is true that the Supreme Court of Spain has established in various judgments, particularly in those of July 22 and September 30, 1875, October 6, 1876, and June 2, 1877, the doctrine that questions of competency are not included in acts of voluntary jurisdiction, because the law grants this to the judge before whom the case is brought; and this doctrine was invoked by the General Directorate of Registries of Spain in its decisions of January 28, 1886, May 9, 1889, and February 8, 1907, and even by this court in the case of the administrative appeal of *Solá* v. *Registrar of Property of Caguas,* 8 P. R. R., 205; but it must be taken into account that in none of the said judgments and decisions has it been held that the provisions of the Law of Civil Procedure of 1886 which may be applicable to the question of the competency of the judge in the cases embraced by article 164 of the Spanish Civil Code, which went into effect in this island on January 1, 1890, should continue to be applied notwithstanding the provisions of said article 164.

In the examination which we have made we have not found a single case in which the same question now submitted to us has been raised and decided.

And even accepting the express or implied submission as a rule of jurisdiction in actions of voluntary jurisdiction, it is clear that an exception to the rule could exist in a case like the present, in which article 164 of the Civil Code establishes a provision which cannot be reconciled with the said rule— namely, that the authorization to alienate or encumber the

property of minors must be granted by the judge of their domicil.

Supposing, therefore, that according to the Law of Civil Procedure of 1886 in acts of voluntary jurisdiction the competency of the court could be determined by express or implied submission, we must reach the conclusion that from the time the Civil Code of 1889 went into effect only the judge of the domicil of the minor can authorize the sale or alienation of his property, and therefore that the jurisprudence of the Supreme Court of Spain cited and the doctrine laid down by the Directorate of Registries are not applicable to the present case, for which reason the lower court committed error in applying the said jurisprudence and doctrine, apart from the fact that the decisions rendered in appeals from the decisions of registrars of property are not binding upon the courts.

We have examined the first and second grounds of appeal and refrain from considering the third ground because the present case must be decided according to the law and jurisprudence in force on the date on which the Court of First Instance of the Cathedral District entered its decree (February, 1897) granting the authorization now sought to be annulled and not under the law and jurisprudence put in force subsequent to that date.

As the lower court considered only the demurrer of the defendants on the ground that the complaint did not state facts sufficient to constitute a cause of action and did not examine the other grounds of demurrer, we also abstain from giving consideration to the others, without prejudice to the consideration of them when they may have been decided by the said lower court and its decision submitted to us on appeal.

For the foregoing reasons the judgment appealed from should be reversed in so far as it is based on the demurrer that the facts stated in the complaint do not constitute a

cause of action, and the case should be proceeded with in accordance with this opinion.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.